Per Curiam.
 

 In England there must be notice of a motion to dissolve. This is not our practice, as has been long settled—motions to dissolve are made here without notice.
 

 They never permit a motion in England, while a defendant is in contempt for not answering. As it respects foreign or non-resident defendants, these motions have been often allowed here, upon the ground that great delay and injustice might arise upon frivolous bills, before the coming in of the answer, when it appeared from the face of the bill, that a decree could not be ultimately made; in these cases the court did not presume contumely.
 

 The want of equity apparent upon the face of the bill, is proper matter for a demurrer, and we have no doubt, that a demurrer may be immediately looked into, with a view to a dissolution, and to avoid an imputation of contempt, without being set down regularly for argument in the course of practice—we will consider it in that view, and let it be placed among the papers of the suit.
 

 The bill discloses sufficient equity as to the $12 which is the real matter in dispute. The amount for which the suit at law was brought, is more than $50. It is the matter in dispute which must give jurisdiction to this court; and as it would be wrong to hold up the injunction, when no decree can ultimately be made, let it be dissolved.